## PLISKE v. VILLAGE OF ROCKY RIVER.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 9059. Decided Oct. 3, 1928.

Phillip Bartell, Cleveland for appellant.

Price, Carpenter, Smith & Graves, Cleveland, for appellees.

**SULLIVAN, P. J.**

The Magistrate had jurisdiction over the person, and unquestionably had authority to pass sentence under the Municipal law.

The question is raised that there was no power on the part of the Magistrate, to sentence the plaintiff to the jail or workhouse of Stark county. but, upon an examination of Section 12384 General Code of Ohio, we find that Counties having no workhouse may contract with a municipality of the State of Ohio wherein there is a workhouse, and an agreement can be had with the City Council or other authorities having control of the workhouse in any other County, with the Board of District Workhouses having a workhouse, upon terms and conditions agreed upon, and it is provided that prisoners sentenced for violation of ordinances may be sent to and received in such workhouse, even though the same may be beyond the confines of the County where the crime has been committed.

A reading of the Section discloses that under the law it is simply a question of contract and it appears to be a conceded fact that the Village of Rocky River is authorized to contract with the authorities of Stark County Workhouse for the commitment of its prisoners under the above section, and the same section is supplemented by G. C. 12384-1.

Therefore it is our judgment that there is ample authority in the statute for the sentence imposed by the court.

There is another phase of the question which precludes the granting of any injunctive relief as prayed for in the petition, and that is, it is conceded by the record that upon a conviction before the Magistrate the appelent, Pliske, by error proceedings commenced in the Court of Appeals of the Eighth District, submitted her case to this Court and upon a hearing had, judgment was rendered, affirming the decision of the magistrate and remanding the cause to the Common Pleas Court where previously it had been heard on error by that Court.

From the judgment of the Court of Appeals, the plaintiff herein did not appeal or pursue error proceedings to the Supreme Court of the State of Ohio, and therefore the judgment of the Court of Appeals became final, and it became the duty of the Common Pleas Court and the Magistrate Court, to carry the judgment of the Court of Appeals into execution, and undoubtedly the same would have been done were it not for the injunction proceedings in the case at bar.

Thus it will be seen that there is no basis in law for the injunctive relief prayed for, in the Court of Common Pleas and in the Court of Appeals. The adequate remedy at law, the existence of which is violative of the injunctive process, existed because of the Statue providing for the proceedings to vacate or reverse the judgment of the Court of Appeals in the Supreme Court of the State.

Holding to these views, the relief sought for is denied.

Vickery and Levine J. J., concur.